

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

By ECF  
The Honorable Kenneth M. Karas  
United States District Judge  
United States District Court  
Southern District of New York  
300 Quarropas Street  
White Plains, New York 10601-4150

April 12, 2023

   Re: <u>Kevin Reyes v. SONY, Div. of State Police</u>, 23-cv-2284 (KMK) SDNY

Dear Judge Karas:

  This office represents Defendant New York State Police (NYSP) in this Title VII employment discrimination lawsuit brought by a former Lieutenant in the NYSP. Pursuant to Section II.A of Your Honor's Individual Rules of Practice, Defendant respectfully requests a pre-motion conference in anticipation of a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendant also requests that its time to respond to the Complaint be stayed until the motion to transfer venue is decided.

**Facts Pertaining to Venue**

  Plaintiff is of Hispanic national origin and resides in Hamburg, Erie County, New York. Complaint (Cmpt) ¶ 1 and Ex. 1 at 1. The NYSP is headquartered in Albany. Cmpt ¶ 2. Plaintiff commenced work with the NYSP in 1998 and attained the rank of Lieutenant in 2013. Cmpt ¶¶ 8-9. Plaintiff alleges that between 2016 and 2020, 41 persons were promoted to Captain over Plaintiff. Cmpt ¶ 13. From 2015 to 2019, Plaintiff was assigned as the narcotics lieutenant for the western region of New York State, CNET-West. Cmpt ¶¶ 15, 17. In September 2019, Plaintiff alleges that he was transferred to a less desirable position of Lieutenant for the Office of Emergency Management-West, but still under the supervision of the same Major Kennedy. Cmpt ¶ 30. Although his predecessor in that office had operated out of downtown Buffalo, Plaintiff was required to work at the Troop Barracks in a smaller office. Cmpt ¶ 31. After Plaintiff had his union file an employment discrimination complaint on his behalf, NYSP purportedly "elevate[d] a minor personnel complaint and use[d] it as a fulcrum to force plaintiff's retirement." Cmpt ¶¶ 34-36. As a result, Plaintiff retired on July 25, 2020. Cmpt ¶ 39. Plaintiff alleges two claims under Title VII of the Civil Rights Act of 1964, 1) that the failure to promote him to Captain was the result of national origin discrimination and 2) that a hostile work environment based on his national origin resulted in his constructive discharge. Cmpt ¶¶ 41-44.

  Although not specifically alleged in the Complaint, CNET-West, which Plaintiff supervised, covered a region in Western New York that included Buffalo and Rochester. Plaintiff

also worked out of Troop A Barracks in Batavia.  The matter that he alleges precipitated his forced retirement arose from complaints about his belligerent behavior in an incident involving both the Town and Village of Hamburg Police Departments.  Although the promotions to Captain occurred throughout New York State, the decisions to promote were made at NYSP headquarters in Albany.

**Argument**

Defendant recognizes that the Southern District is a proper venue under Title VII, which has a separate venue statute permitting actions to be brought in any district in the state in which the discrimination is alleged to have occurred.  See 42 U.S.C. § 2000e-5(f)(3).  However, this venue provision does not preclude discretionary motions to transfer venue pursuant to 28 U.S.C. § 1404(a).  See Garcia v. Pearson Education, Inc., No. 15 Civ. 7289 (KPF), 2016 WL 5921083, *4 (S.D.N.Y. Oct. 7, 2016). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  "In deciding a motion to transfer, a court may consider material outside of the pleadings." Mohsen v. Morgan Stanley & Co. Inc. No. 11 Civ. 6751(PGG), 2013 WL 5312525, *3 (S.D.N.Y. Sep. 23, 2013).  "The burden of demonstrating the desirability of transfer lies with the moving party, and in considering the motion for transfer, a court should not disturb a plaintiff's choice of forum 'unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice.'"  Berman v. Informix Corp., 30 F.Supp.2d 653, 656 (S.D.N.Y. 1998).

The first step in evaluating a motion to transfer under § 1404(a) is to determine whether the venue to which the transfer is sought is itself is a proper venue, see Garcia, 2016 WL 5921083 at *4, which is the case here, because 42 U.S.C. § 2000e-5(f)(3) makes any district in New York a proper venue.

Venue in the Western District being proper, the Court then considers the following "non-exhaustive list of factors":

> [i] the convenience of witnesses, [ii] the convenience of the parties, [iii] the locus of operative facts, [iv] the availability of process to compel the attendance of unwilling witnesses, [v] the location of relevant documents and the relative ease of access to sources of proof, [vi] the relative means of the parties, [vii] the forum's familiarity with the governing law, [viii] the weight accorded the plaintiff's choice of forum, and [ix] trial efficiency and the interest of justice, based on the totality of the circumstances.

Garcia, 2016 WL 5921083 at *4 (quoting Dealtime.com Ltd. v. McNulty, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000)).

Here, because everything personally involving Plaintiff occurred in the Western District, factors [i], [ii], [iii], and [ix] make the Western District a more convenient forum than the Southern District.  Even factor [vi], the relative means of the parties, favors the Western District, which is Plaintiff's home district. Moreover, venue in this district is not merely inconvenient, trial would require the burden of travelling about 350 miles for anybody located in the Western District, meaning most witnesses concerning Plaintiff's work performance and the allegedly hostile work

environment, including Plaintiff himself.  Even to the extent that Plaintiff is looking statewide to comparators for his claim of not being promoted, the records of the hiring decision, factor [v], as well as the decisionmakers, are in Albany, in the Northern District, not the Southern District. Factors [iv], availability of process, and [vii], the forum's familiarity with governing law, do not favor any venue.

   This leaves factor [viii], the weight to be accorded Plaintiff's choice of venue.  Section 2000e-5(f)(3) "was designed to prevent 'national companies with distant offices' from seeking to discourage claims by 'forc[ing] plaintiffs to litigate far from their homes.'"  Martinez v. Bloomberg LP, 740 F.3d 211, 228-29 (2d Cir. 2014) (citation omitted).  However, Plaintiff has chosen a district that is 350 miles from home, where none of the events alleged occurred, and Defendant seeks to change venue to Plaintiff's home district.  "The weight normally accorded to the plaintiff's choice of forum is diminished substantially where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose."  800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 135 (S.D.N.Y. 1994).  Although Plaintiff's counsel is located in the Southern District, "courts have generally accorded 'little weight' to the convenience of plaintiffs' attorneys."  Montgomery v. Tap Enterprises, Inc., No. 06-CV-5799 (HB), 2007 WL 576128, *3 (S.D.N.Y. Feb. 26, 2007).  Accordingly, the only factor that favors Plaintiff's venue choice is not entitled to substantial weight.  Because the balance of the relevant factors strongly favors transfer, the Court should transfer venue to the Western District.

   Finally, although Defendant's proposed motion is to be made under Section 1404(a) and not Fed. R. Civ. P. 12(b), in the interest of avoiding needless complication of the litigation, the Court may and should stay Defendant's response to the Complaint until the venue issued is determined.  See Solar v. Annetts, 707 F.Supp.2d 437, 443 (S.D.N.Y. 2010); see also Drake v. U.S., No. 84 Civ. 307 (LBS), 1984 WL 466, *2 (S.D.N.Y. Jun. 8, 1984).  Specifically here, if venue is transferred to the Western District, representation of Defendant would be transferred to a different branch of this Office, which should prepare the response to the Complaint to the extent it frames the defense of the rest of the litigation.   This is Defendants' first application to extend the time to respond to the Complaint, which was served on March 22, 2023.  Counsel for Plaintiff consents to Defendant seeking a stay of the answer while the venue issue is resolved.  Defendant notes that the matter may be discussed at the pre-motion conference.

               Respectfully submitted,

               /s/ Steven Schulman
               STEVEN N. SCHULMAN
               Assistant Attorney General
               (212) 416-8654
               steven.schulman@ag.ny.gov

cc: Michael H. Sussman, Esq. (by ECF)